IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>KAYRICKA WORTHAM<br>   A/K/A KAYRICKA DUPREE<br>   A/K/A KAYRICKA YOUNG | Criminal Action No.<br><br>1:22-cr-00361-TCB |

## GOVERNMENT'S MOTION FOR SECOND PRELIMINARY ORDER OF FORFEITURE

The United States of America, by Ryan K. Buchanan, United States Attorney, and Norman L. Barnett, Assistant United States Attorney, for the Northern District of Georgia, respectfully moves the Court, pursuant to Federal Rule of Criminal Procedure 32.2(b), for a second preliminary order of forfeiture against the defendant, Kayricka Wortham a/k/a Kayricka Dupree a/k/a Kayricka Young. (Doc. 6). A proposed second preliminary order of forfeiture and the Affidavit of United States Secret Service Special Agent Matthew Oltman are filed concurrently herewith.  In support, the government shows the Court the following:

600 U.S. Courthouse   75 Spring Street SW   Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

1

**Relevant Procedural History and Factual Background**

On September 29, 2022, Wortham waived her right to be indicted by the grand jury and the United States filed an Information charging her with conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349. (Docs. 1-2). The Information included a forfeiture provision that notified Wortham that, upon conviction of the offense charged in the Information, the Defendant "shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds obtained directly or indirectly," as a result of said violation. (*See* Doc. 1).

On November 30, 2022, Wortham pleaded guilty to the Information pursuant to a plea agreement. (Doc. 6, Attachment #1 ["Plea Agreement"], ¶ 24). As a part of the plea agreement, Wortham agreed to forfeit to the United States any property constituting, or derived from, proceeds obtained directly or indirectly as a result of the commission of the sole count in the Information. (Plea Agreement, ¶¶ 24-25). Wortham also agreed to waive and abandon her right, title, and interest in any property seized in connection with this case. (*Id.*). On November 30, 2022, this Court entered the Consent Preliminary Order of Forfeiture, forfeiting to the United

States Wortham's interest in certain property pursuant to 18 U.S.C. § 982(a)(2). (Doc. 8).

The United States now has identified additional assets that were seized in connection with this matter and that also are subject to forfeiture as property constituting, or derived from, proceeds obtained directly or indirectly as a result of the commission of the sole count in the Information.  The property is as follows:

a. $549.43 seized from Wells Fargo Bank account ending in 7611 on or about August 9, 2022;

b. $7,540.65 seized from Navy Federal Credit Union account ending in 3008 on or about August 12, 2022;

c. $102.01 seized from Navy Federal Credit Union account ending in 9979 on or about August 12, 2022;

d. $00.61 seized from Navy Federal Credit Union account ending in 2758 on or about August 12, 2022;

e. $101,023.23 seized from Navy Federal Credit Union account ending in 3373 on or about September 23, 2022; and

f. $117,430.39 seized from Wells Fargo Bank account ending in 5940 on or about February 6, 2023.

600 U.S. Courthouse   75 Spring Street SW   Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

(collectively, "Subject Assets").  Each of the Subject Assets should be forfeited.

## Argument and Citation of Authority

### A. Forfeiture is Mandatory After a Conviction for Conspiracy to Commit Wire Fraud.

Rule 32.2(b) of the Federal Rules of Criminal Procedure requires a court to enter a preliminary order of forfeiture against a criminal defendant, after a plea of guilty, once the court determines "property is subject to forfeiture under the applicable statute":

> As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute.  If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense . . . .

FED. R. CRIM. P. 32.2(b)(1)(A). *See also United States v. Monsanto*, 491 U.S. 600, 606 (1989) ("Congress could not have chosen stronger words to express its intent that

forfeiture be mandatory in cases where the statute applied . . ."); *United States v. Brummer*, 598 F.3d 1248, 1250 (11th Cir. 2020) (rejecting the defendant's contention that district court had discretion to decline to order forfeiture); *United States v. Gilbert*, 244 F.3d 888, 909 (11th Cir. 2001) ("order of forfeiture is a required element of sentencing"). The government must prove forfeiture by a preponderance of the evidence. *United States v. Hasson*, 333 F.3d 1264, 1277-1278 (11th Cir. 2003). A court may base its determination on whether property identified for forfeiture is subject to forfeiture on "evidence already in the record," and "any additional record or information submitted by the parties and accepted by the court as relevant and reliable." FED. R. CRIM. P. 32.2(b)(1)(B).

### B. The Subject Assets are Forfeitable to the United States

Here, the Subject Assets are subject to forfeiture and, moreover, Wortham abandoned her interest in the Subject Assets since they were seized in connection with this matter. Specifically, § 982(a)(2)(A) authorizes the forfeiture of property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of a conspiracy to commit wire fraud in violation 18 U.S.C. §§ 1343 and 1349. Wortham pled guilty to conspiring to commit wire fraud in violation of 18 U.S.C. § 1343, a fraud scheme that yielded over $9 million in proceeds.

Specifically, Wortham and her co-conspirators created fake vendors purporting to provide services to Amazon and submitted more than $10 million in fictitious invoices for those fake vendors, which caused Amazon to transfer approximately $9.4 million to bank accounts controlled by Wortham and her co-conspirators. (Affidavit of USSS Special Agent Matthew Oltman ["Oltman Affidavit"], ¶¶ 2-5). USSS identified several bank accounts used by Wortham and her co-conspirators that received these funds from Amazon. (*Id.* at ¶ 3). Each of the Subject Assets was seized from a bank account that received such funds, and Wortham was a signer or cosigner on the accounts.  (*Id.* at ¶¶ 6-11).  Accordingly, the preponderance of evidence demonstrates that the Subject Assets are property constituting, or derived from, proceeds obtained directly or indirectly as a result of the commission of the sole count in the Information to which Wortham pleaded guilty and, as a result, should be forfeited to the United States.

## Conclusion

For the foregoing reasons, the United States respectfully requests that the Court enter this preliminary order of forfeiture that forfeits the Defendant's interest in each of the Subject Assets.

Respectfully submitted,

RYAN K. BUCHANAN

*United States Attorney*

/s/NORMAN L. BARNETT
    *Assistant United States Attorney*
Georgia Bar No. 153292
norman.barnett@usdoj.gov

600 U.S. Courthouse   75 Spring Street SW   Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record and by sending it via FedEx to:

Kayricka Wortham
USM REG# 24309-510
Robert A. Deyton Detention Facility
11866 Hastings Bridge Road
Lovejoy, Georgia 30250

June 20, 2023

/s/ NORMAN L. BARNETT
NORMAN L. BARNETT
*Assistant United States Attorney*

600 U.S. Courthouse   75 Spring Street SW   Atlanta, GA 30303
(404) 581-6000   *fax* (404) 581-6181